Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6258 | **DATE** | 1/12/2011 |
| **CASE TITLE** | Donald J. Schaffer vs. Jerry Gutnayer, *et al.* | | |

**DOCKET ENTRY TEXT**

The motions to remand [5],[9] are granted and this case is remanded back to the Circuit Court of Cook County. The motion for sanctions [9] is denied. All other motions [18],[19] pending are denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On September 30, 2010, Jerry Gutnayer, proceeding *pro se*, removed this case from Illinois state court pursuant to 28 U.S.C. § 1446. In his notice of removal, he stated that removal is proper based on a substantial federal question arising out of a purported RICO claim. The state court case was filed on December 30, 2009 by the Trustee, Donald J.. Schaffer, of two trusts created by Jerry Gutnayer's parents and whose beneficiaries include Jerry and his brother Glenn Gutnayer and their wives. (We will refer to Jerry and Glenn by their first names to avoid confusion.) The Trustee and Glenn have filed motions to remand this case to state court. They argue that the state court action seeks a declaration concerning the Trustee's ability to withhold or condition future distributions to Jerry and his wife. They assert that Jerry has "been engaged in a fifteen year campaign of filing harassing and frivolous lawsuits against Glenn and others, which has caused courts to enter sanctions against Jerry in excess of $140,000." (Docket # 9 at p.2.) They argue that the state court action relates only to issues of trust interpretation and whether distributions should be made or withheld to different trust beneficiaries. They therefore argue that the removal is improper under 28 U.S.C. § 1446 based on a number of alternative grounds. Their primary argument is a straightforward one. They argue that removal is untimely. Jerry was served in the state court action on January 22, 2010. He did not remove the case here until over eight months later. Under § 1446(b), Jerry was required to remove the case within 30 days from the date of service. It is clear that he did not meet this basic requirement.

In response to the remand motions, Jerry appeared *pro se* in this Court and requested leave to file a 30-page brief. Although the issues raised in the remand motions were straightforward (Glenn's motion was five pages and the Trustee's was four), we nonetheless gave Jerry leave to file extra pages and ordered him to respond by November 3rd. Jerry eventually filed his response brief on November 12th.

The brief is 30 pages with a number of exhibits. Unfortunately, the brief is confusing, lacks context to make sense of the factual assertions, and meanders over a broad range of factual allegations covering business dealings going back many years and uses an idiosyncratic blend of scientific-sounding business jargon mixed in with folk sayings and cliches. *See, e.g.*, Resp. at 2 ("The free-rider problem of looking for

| STATEMENT |
|---|

and finding a piggyback ride, as solvable now by understanding the two most basic forms of predictive analysis which drive decisions at Cendant Corporation, namely, the anchor-tenant business model and the Markov Decision Process business model."); *see also* Resp. at 4 ("A strategic building block of the people who are 'wearing too many hats' is the geographic-area business model.").) Despite its length, however, the brief never addresses the relevant issues raised in the remand motions. Specifically, it never offers any reason to undermine the Trustee's and Glenn's argument that removal was untimely. Accordingly, for the reasons more fully set forth in the Trustee's and Glenn's opening motions, we find that this case should be remanded back to the Circuit Court of Cook County.

    The only other remaining issue is a request for sanctions made by Glenn, although not joined in by the Trustee. Glenn asks that we enter sanctions against Jerry relying on either Rule 11 or 18 U.S.C. § 1927 or 28 U.S.C. § 1447(c). Glenn seeks monetary sanctions and an order from this Court enjoining Jerry from filing any future lawsuits in federal court. Glenn asserts that Jerry has already been sanctioned by the state court and that it is clear that he has made the same allegations here as he did in state court and as he did in an earlier case before Judge Castillo (03-CV-09455). Glenn believes that Jerry's removal of this case is "simply a new effort to reinstate the old litigation against Glenn." (Reply at 3.)

    In reading Jerry's response brief, we note that it repeatedly refers to earlier cases and briefs and arguments made in state court, thus lending credence to Glenn's allegations that the claims here may be barred by *res judicata*. Yet, based on the materials presented so far to us, we cannot reach a definitive conclusion. Although Glenn states that Jerry has filed seven prior lawsuits against Glenn based on the same allegations as here, we have no way to independently to verify this fact. The one-page state court orders attached in Exhibits A and B to Glenn's motion fail to provide enough specific detail to be able to compare the allegations made therein. (In addition, perhaps due to the photocopying, they are hard to read.) Therefore, to fairly judge this question, we would require further documentation from Glenn, and in turn we would have to allow Jerry a chance to respond. Ultimately, rather than engage in a further round of briefing and thereby further prolong this case, we find that the better approach is to deny the motion for sanctions and thus allow the parties to promptly return to state court where they have been litigating up until now. This order will serve as a record if Jerry chooses to file any future claims in federal court.